UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY JAMES COHEA,<br><br>　　　　Petitioner,<br><br>　v.<br><br>UNITED STATES DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA, et al.,<br><br>　　　　Respondents. | Case No. 1:17-cv-01324-LJO MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF MANDAMUS**<br><br>**(ECF No. 2)**<br><br>**THIRTY-DAY OBJECTION DEADLINE** |

Petitioner is a state prisoner proceeding pro se with a petition for writ of mandamus brought pursuant to 28 U.S.C. § 1361. He petitions for removal of encumbrances imposed by the Court on his prison trust account to cover filing fees in five separate civil cases he filed.

**I.　Background**

Between 1997 and 2016, Petitioner filed five civil actions in the Eastern District of California: Cohea v. Bray, et al., Case No. 2:97-cv-00366-FCD-DAD (E.D. Cal. Mar. 11, 1997); Cohea v. Jones, et al., Case No. 2:07-cv-00694-FCD-DAD (E.D. Cal. Apr. 11, 2007); Cohea v. California Department of Corrections and Rehabilitation, et al., Case No. 1:07-cv-00469-SRB (E.D. Cal. Mar. 26, 2007); Cohea v. Tucker, et al., Case No. 1:14-cv-01544-RRB (E.D. Cal. Oct. 2, 2014); Cohea v. Pacillas, et al., Case No. 1:16-cv-00949-AWI-MJS (E.D. Cal. July 1, 2016).

In Bray and Jones, Petitioner's complaints were dismissed for failure to state a claim and failure to exhaust administrative remedies. The Ninth Circuit dismissed Petitioner's appeal in Bray and affirmed the judgment in Jones.

In California Department of Corrections and Rehabilitation (CDCR), Tucker, and Pacillas, the Court revoked in forma pauperis status and required Petitioner to pay the filing fee in full. Petitioner's appeal in CDCR was dismissed by the Ninth Circuit for failure to pay the filing fee. The district judges dismissed Petitioner's complaints in Tucker and Pacillas for failure to pay the filing fee.

Petitioner asserts that despite all of these actions being dismissed (and in forma pauperis status being revoked in three of them), the encumbrances placed on his trust account from the granting of in forma pauperis status remain. Petitioner therefore petitions the Chief Judge of the Eastern District of California to issue an order removing the encumbrances on his California Department of Corrections and Rehabilitation trust account statement for each of these cases. (ECF No. 1 at 72.) Petitioner also requests that Chief Judge direct the Clerk of Court to refund $51.02 that was already paid out of the trust account in the Bray matter. (Id.)

## II. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

## III. Legal Standard

A writ of mandamus is a request that the court compel an officer or employee of the United States to perform a duty owed to the petitioner. 28 U.S.C. § 1361; Allied Chemical Corp. v. Deiflon, Inc., 449 U.S. 33, 34 (1980); see also Deutsch v. United States, 943 F. Supp. 276, 279 (W.D.N.Y. 1996) (finding jurisdiction over mandamus claim based on prisoner's request to expedite deportation proceedings). However, mandamus is an extraordinary remedy. Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1998); Barron v. Reich, 13 F.3d 1370, 1374 (9th Cir. 1994); Stang v. IRS, 788 F.2d 564, 565 (9th Cir. 1986). Mandamus is only available when (1) the petitioner's claim is clear and certain; (2) the duty is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available. Kildare v. Saenz, 325 F.3d 1078, 1085 (9th Cir. 2003); Patel, 134 F.3d at 931; Barron, 788 F.2d at 1374. Mandamus may not be used as a substitute for an untimely notice of appeal. See Compania Mexicana de Aviacion v. United States District Court, 859 F.2d 1354, 1357–58 (9th Cir. 1988); Clorox v. United States District Court, 779 F.2d 517, 519 (9th Cir. 1985).

Mandamus relief is only available to compel an officer of the United States to perform a duty; federal courts are without the power to issue mandamus to direct state courts or state officers in the performance of their duties. A petition for mandamus to compel a state court to take or refrain from some action is frivolous as a matter of law. Demos v. U.S. District Court, 925 F.2d 1160, 1161-72 (9th Cir. 1991) (no jurisdiction to issue writ to a state court); Clark v. Washington, 366 F.2d 678, 681 (9th Cir. 1966) (attorney contested disbarment and sought reinstatement); Dunlap v. Corbin, 532 F. Supp. 183, 187 (D. Ariz. 1981) (plaintiff sought order from federal court directing state court to provide speedy trial), aff'd without opinion, 673 F.2d 1337 (9th Cir.1982); see also Legardy v. Superior Court of State fo California, No. 1:07-cv-00338-AWI WMW, 2007 WL 1469040 (E.D. Cal. May 17, 2017).

## IV. Discussion

Petitioner brings this petition against the United States District Court for the

Eastern District of California, the Ninth Circuit Court of Appeals, the Governor of California, and the Attorney General of California. (ECF No. 1.) The Court will discuss the petition as to the Respondent federal courts first, and then concerning the state Respondents.

### A. United States District Court and Court of Appeals

Concerning the claims against the federal courts, Petitioner cannot demonstrate that there is no other adequate remedy available.

A review of the five cases reveals that Petitioner only raised the issue of the encumbrance in Pacillas. In his motion for reconsideration concerning the decision to revoke in forma pauperis status, Petitioner included a request that the revocation to be reflected in his trust account statement if the it was upheld. See Cohea v. Pacillas, Case No. 1:16-cv-00949-AWI-MJS, ECF No. 14 at 1-2 (E.D. Cal. Jan. 9, 2017). While the Court rejected the motion for reconsideration, finding that Petitioner merely repeated the same arguments as in his objections, the issue with the trust account was never addressed. See Cohea v. Pacillas, Case No. 1:16-cv-00949-AWI-MJS, ECF No. 15 (E.D. Cal. June 28, 2017). The Court ordered Petitioner to pay the filing fee within ten days or face dismissal of his case. (Id.) The fee was not paid and the case was dismissed on October 26, 2017. See Cohea v. Pacillas, Case No. 1:16-cv-00949-AWI-MJS, ECF Nos. 15; 16 (E.D. Cal. Oct. 26, 2017). The issue of the encumbrance was never addressed by the Court in that matter and Petitioner did not file an appeal.

The writ of mandamus is an extraordinary remedy reserved for situations where a trial court has exceeded its authority. Kerr v. United States, 426 U.S. 394, 402, (1976); Bauman v. United States, 557 F.2d 650, 654-55 (9th Cir. 1977).

Petitioner's failure to submit this issue to the district court judge in four of the cases -- and failure to appeal the issue in the fifth -- gravely weakens the case for the writ of mandamus. The need to show the lack of an available remedy absent a writ of mandamus goes to the heart of this extraordinary remedy which should be sparingly employed. See Kerr, 426 U.S. at 403 (holding that "as a means of implementing the rule

4

that the writ will issue only in extraordinary circumstances," the party seeking the writ must "have no other adequate means to attain the relief he desires"). In the ordinary course, the district courts are to be called on, in the first instance, to correct any clear error in the decision of a judge on non-dispositive matters. Furthermore, mandamus may not be used as a substitute for an untimely notice of appeal. See Compania Mexicana de Aviacion, 859 F.2d at 1357–58; Clorox, 779 F.2d at 519.

Mandamus is an extraordinary remedy for circumstances where there are no alternative avenues for relief. Here, Petitioner cannot demonstrate an absence of alternative remedies. In each case, the Court directed the Clerk of Court to impose the encumbrance when granting in forma pauperis status. See Cohea v. Bray, et al., Case No. 2:97-cv-00366-FCD-DAD, ECF No. 5 (E.D. Cal. Apr. 24, 1997); Cohea v. Jones, et al., Case No. 2:07-cv-00694-FCD-DAD, ECF No. 9 (E.D. Cal. June 19, 2007); Cohea v. California Department of Corrections and Rehabilitation, et al., Case No. 1:07-cv-00469-SRB, ECF No. 7 (E.D. Cal. May 15, 2007); Cohea v. Tucker, et al., Case No. 1:14-cv-01544-RRB, ECF No. 4 (E.D. Cal. Oct. 3, 2014); Cohea v. Pacillas, et al., Case No. 1:16-cv-00949-AWI-MJS, ECF No. 9 (E.D. Cal. Sept. 8, 2016). Just as the judge in each matter directed the imposition of the encumbrance, so too is each judge empowered to rescind the encumbrance without the extraordinary intervention of a mandamus petition. See Landis v. N. Am. Co., 299 U.S. 248, 254–255 (1936) (The court has inherent authority to manage the cases before it); Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986) ("District courts have inherent power to control their dockets"); Mediterranean Enterprises, Inc. v. SSangyong Corporation, 708 F.2d 1458, 1465 (9th Cir. 1983) (Courts possess substantial inherent powers to control and manage their dockets).

Here, Petitioner only raised the issue of the encumbrance in one of the five cases in which it was imposed. And in that one instance where he did raise it, he did not pursue his claim through to the appellate process. Furthermore, in the Bray matter, Petitioner has not filed a motion requesting a refund of the fee amount paid from his trust

5

account. See Cohea v. Bray, et al., Case No. 2:97-cv-00366-FCD-DAD (E.D. Cal. Mar. 11, 1997). Accordingly, Petitioner cannot demonstrate that there is no other adequate remedy available to him for rescinding the encumbrances or receiving a refund (if he is even entitled to such relief) because he has failed to make the requests with the relevant Courts that issued the Orders -- or, as with the Pacillas matter, failed to follow through on his request through an appeal.

For the foregoing reasons, the petition for writ of mandamus as to the Respondent federal courts cannot proceed and must be dismissed without prejudice.

**B.  California Governor and Attorney General**

Insofar as Petitioner makes a claim for mandamus relief against the California Governor, Edmund G. Brown, Jr., and Attorney General, Xavier Becerra,[1] such a claim is frivolous as a matter of law. The federal mandamus statute provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. This section has no application to state officers or employees. See Newton v. Poindexter, 578 F. Supp. 277, 279 (C.D. Cal. 1984). Accordingly, this Court is without power to issue a writ of mandamus ordering the California Governor and Attorney General, through the CDCR, to remove the encumbrances from Petitioner's trust account statement. The Court therefore must dismiss Petitioner's claim for mandamus relief with prejudice.

**V.  Conclusion and Recommendations**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that the petition (ECF No. 1) be dismissed without prejudice as to Respondents United States District Court for the Eastern District of California and the Ninth Circuit Court of Appeals, and be dismissed with prejudice as to the California Governor and Attorney General.

---

[1] Petitioner names Kamala D. Harris as the Attorney General of California; however, as of 2017, Kamala Harris is a United States Senator and Xavier Becerra is now the Attorney General of California.

6

The findings and recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, the parties may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within thirty days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: December 26, 2017            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE