UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY JAMES COHEA,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA, et al.,<br><br>    Respondents. | Case No. 1:17-cv-01324-LJO-MJS<br><br>**ORDER DENYING MOTION TO VACATE JUDGMENT**<br><br>**(ECF NO. 10)** |

Petitioner is a state prisoner proceeding pro se in this petition for writ of mandamus brought pursuant to 28 U.S.C. § 1361. On March 22, 2018, the petition was dismissed. With regard to the federal defendants, the Court concluded that Plaintiff had failed to show he had no other adequate remedy available. The Court concluded it was without authority to grant mandamus relief as to the state defendants. Accordingly, judgment was entered and the matter was closed.

Before the Court is Plaintiff's April 9, 2018 motion to vacate the judgment. Petitioner contends that the undersigned is conspiring with the assigned Magistrate Judge to deprive Petitioner of his right to petition the government, and is turning a blind

eye to Petitioner's constitutional deprivations by accepting the false, criminal statements contained in the Magistrate Judge's findings and recommendations.

Rule 60(b) allows the Court to relieve a party from a final judgment or order on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . ; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party bears the burden of demonstrating that relief under Rule 60(b) is appropriate. Cassidy v. Tenorio, 856 F.2d 1412, 1415 (9th Cir. 1988).

Petitioner has not presented argument as to any of these grounds. He does not show there is no other adequate remedy available. The fact that he has been denied relief in a separate case that is not the subject of this action does not demonstrate that adequate remedies are unavailable. Petitioner's disagreement with the undersigned appears to be based entirely on the undersigned's adverse rulings against him in this and other cases. This disagreement in itself is not a basis for disqualification. 28 U.S.C. § 144; 28 U.S.C. § 455; Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008) (bias generally must arise from extrajudicial source). Nor does it constitute extraordinary circumstances that would warrant relief from the judgment.

Accordingly, because Petitioner has not presented a basis for relief, his motion to vacate judgment is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **April 17, 2018**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE

2